# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| GEICO CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-00197-DGK |
| | ) | |
| PATRICIA HOLLANDSWORTH and | ) | |
| RICHARD AGUILAR, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

This declaratory judgment action concerns insurance coverage related to a lawsuit filed in the Circuit Court of Jackson County, Missouri ("Underlying Lawsuit").[1] The Underlying Lawsuit stems from a car accident between Defendants Patricia Hollandsworth ("Hollandsworth") and Richard Aguilar ("Aguilar"). After Plaintiff Geico Casualty Company ("GEICO") moved to intervene in the Underlying Lawsuit, Aguilar voluntarily dismissed his case without prejudice.

Now before the Court are Aguilar's and Hollandsworth's motions to dismiss for lack of subject matter jurisdiction (Docs. 6 and 8). Defendants argue that because the Underlying Lawsuit was dismissed, there is no case or controversy between the parties and GEICO's complaint is moot. For the following reasons, the motions are DENIED.

**Background**

On August 25, 2017, Aguilar sued Hollandsworth in state court for damages arising out of an auto accident. Hollandsworth sought coverage under an insurance policy issued by GEICO. GEICO determined Hollandsworth was not covered by the policy, but offered to provide Hollandsworth with a defense subject to a reservation of rights. In a letter sent to Hollandsworth,

---

[1] *Aguilar v. Hollandsworth*, No. 1716-CV20532 (Jackson Cty., Mo. Cir. Ct. dismissed Mar. 2, 2018).

GEICO stated "GEICO is providing you with a defense subject to this reservation of rights with regard to the claims asserted by Plaintiff Richard Aguilar, in a lawsuit styled *Aguilar v. Hollandsworth*, Case No. 1716-CV20532 pending in the Circuit Court of Jackson County, Missouri." Hollandsworth rejected GEICO's offer and demanded that GEICO provide an unconditional defense.

On March 2, 2018, Hollandsworth notified GEICO that she had entered into an agreement with Aguilar, pursuant to Mo. Rev. Stat. § 537.065, to limit Aguilar's recovery presumably to the limits of the GEICO policy. Upon that notice, GEICO moved to intervene in the Underlying Lawsuit. Before the state court could rule on GEICO's motion, Aguilar voluntarily dismissed his case without prejudice.

## Discussion

Defendants contend that because the Underlying Lawsuit was dismissed, this case is now moot, and must be dismissed for lack of subject matter jurisdiction.

"The ripeness doctrine flows both from the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction." *Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 572 (8th Cir. 2003). It is well settled that the ripeness inquiry requires the examination of both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 572-73. A party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree. *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1039 (8th Cir. 2000).

The fitness prong requires examination of the definiteness or certainty of a claim, to "safeguard[] against judicial review of hypothetical or speculative disagreements." *Id.* at 1038.

"Whether a case is 'fit' depends on whether it would benefit from further factual development." *Pub. Water Supply,* 345 F.3d at 573. "The case is more likely to be ripe if it poses a purely legal question and is not contingent on future possibilities." *Id.* An insurance coverage dispute is "fit" for review where it presents a purely legal issue involving the interpretation of the insurance policy and does not depend on the facts developed in the underlying liability case. *See, e.g.*, *Capitol Indem. Corp. v. Miles,* 978 F.2d 437, 438 (8th Cir. 1992) (refusing to dismiss as unripe an insurer's declaratory judgment action to determine indemnity coverage because insured made a demand and the insurer contends it owes the insured no money, establishing a controversy between the parties).

The hardship prong recognizes that a party need not wait until a threatened injury actually occurs, but requires examination of the immediacy and extent of the alleged threatened harm. *Neb. Pub. Power,* 234 F.3d at 1038. "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." *O'Shea v. Littleton,* 414 U.S. 488, 494, (1974) (internal quotations and citations omitted). The threatened "injury must be 'certainly impending.'" *Paraquad, Inc. v. St. Louis Hous. Auth.*, 259 F.3d 956, 958–59 (8th Cir. 2001) (quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979)).

GEICO argues there is a controversy between the parties because Aguilar's case was dismissed *without* prejudice, allowing him to re-file it, Hollandsworth has not withdrawn her claim for coverage or admitted there is no coverage under the GEICO policy, Aguilar has not released Hollandsworth or GEICO from liability, and Hollandsworth does not state she will refrain from pursuing coverage under the GEICO policy in some other forum.

Defendants respond that GEICO limited its offer to defend subject to a reservation of rights only as to the Underlying Lawsuit and because that case has been dismissed, there is no controversy between the parties.

The Court finds GEICO satisfies both the fitness and hardship prongs because its claimed injury is not contingent on any future possibilities nor is it speculative. GEICO meets the fitness prong because this lawsuit is purely a question of law, namely, was Hollandsworth a covered individual under the policy. No additional factual development is necessary to decide this case. Additionally, the Court finds GEICO's alleged injury is impending because the dispute between the Defendants is not resolved. Aguilar has not released Hollandsworth or GEICO from liability, Hollandsworth has not withdrawn her claim against GEICO, nor has she stated she will not pursue coverage under the GEICO policy. *Cf. Acuity v. Exceptional Prof'ls, Inc.*, No. 08-3374-CV-S-RED, 2010 WL 11508580, *1 (W.D. Mo. Feb. 3, 2010) (finding no case or controversy after the underlying lawsuit was dismissed because the insureds stated they were no longer pursuing their claims against the insurance company).

Hollandsworth's demand for defense from GEICO in the dispute between her and Aguilar is enough to create an actual controversy and gives GEICO the right file a declaratory judgment action to determine whether coverage exists under the GEICO policy. *See Clarendon Nat'l Ins. Co. v. United Fire & Cas. Co.*, 571 F.3d 749, 752 (8th Cir. 2009) (stating demand for the insurer to be involved in the defense of an anticipated lawsuit between injured parties is enough to create an actual controversy); *see also Aetna Cas. & Sur. Co. v. Gen. Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992) (recognizing a live justiciable controversy over a declaratory judgment action where an insured "made a clear demand for payment of defense and indemnity costs" against its insurer even though "no suits had yet been filed nor any settlements reached[.]").

**Conclusion**

The motions to dismiss (Docs. 6 and 8) are denied.

**IT IS SO ORDERED.**

Date:  July 23, 2018  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT