IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GEICO CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00197-DGK |
| | ) | |
| PATRICIA HOLLANDSWORTH and | ) | |
| RICHARD AGUILAR, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS
### AND MOTION TO STAY

This declaratory judgment action concerns insurance coverage for an automobile collision. Plaintiff GEICO Casualty Company ("GEICO") seeks a declaration that the policy it issued to Daniel and Deborah Clymens does not cover an accident between Defendants Patricia Hollandsworth and Richard Aguilar. Now before the Court are Defendants' joint motions to dismiss (Doc. 46) and stay (Doc. 64). Both motions advance a similar argument—namely, that the Court should abstain from deciding the case in light of a pending parallel state suit. Because the Court is better positioned to resolve this case, both motions are DENIED.

**Background**

GEICO issued an insurance policy to Daniel and Deborah Clymens for a 2005 Toyota Sienna XLE. On July 14, 2013, Daniel Clymens rented a Ford E450 U-Haul truck. The next day, Hollandsworth drove the U-Haul truck while intoxicated and hit Aguilar as he was riding his motorcycle, severely injuring him. Aguilar sued Hollandsworth in Missouri state court on August 25, 2017, alleging damages including medical expenses, lost income, pain and suffering, costs, and interest. Hollandsworth sought indemnification from GEICO under the Clymens' policy. On

February 2, 2018, GEICO faxed Hollandsworth a letter denying coverage and offering to defend her subject to a reservation of rights.

Unbeknownst to GEICO, on February 15 Hollandsworth entered into an agreement with Aguilar pursuant to Mo. Rev. Stat. § 537.065 ("the 537 Agreement"). In the 537 Agreement, Hollandsworth acknowledged fault for causing the accident, agreed not to dispute liability, and agreed to submit the issue of damages "to a judge." 537 Agmt. ¶ 1 (Doc. 31-1). She also agreed to pursue all claims against GEICO

> for extra-contractual damages or bad faith and/or for [GEICO's] failure to settle and/or for negligence or breach of fiduciary duty (or however the claim may be denominated) arising out of [GEICO's] failure to earlier settle the claim brought against her.

*Id*. ¶ 3. Hollandsworth further stated that she would "fully cooperate in any claim or cause of action" against GEICO, including being named as a party plaintiff, and assigned to Aguilar "all interests, causes of action, and rights of action" against GEICO. *Id*. ¶¶ 4-5. In exchange, Aguilar agreed to limit his recovery to the proceeds of any applicable insurance policies and to not execute any judgment upon Hollandsworth's personal assets. *Id*. ¶ 5.

On February 22, Hollandsworth informed GEICO that she was rejecting its defense under a reservation of rights. She also requested that counsel retained by GEICO withdraw from her defense. The next day, GEICO replied that it was considering whether to withdraw its reservation of rights and defend her. On February 28, Hollandsworth notified GEICO that she had not been advised of GEICO's position. She gave GEICO until 5:00 p.m. that evening to withdraw its reservation of rights and defend her unconditionally. GEICO chose not to do so.

Hollandsworth informed GEICO of the 537 Agreement on March 3. Shortly thereafter, on March 7, GEICO moved to intervene as a matter of right in the state court lawsuit. On March 15, Aguilar dismissed without prejudice his state court action against Hollandsworth. About one hour

later, GEICO filed this federal action seeking a declaratory judgment that it owed no duty to indemnify or defend Hollandsworth with respect to the 2013 collision. On March 28 and April 2, Aguilar and Hollandsworth filed separate motions to dismiss this case, arguing that Aguilar's dismissal of the state court action rendered the declaratory action moot. The Court denied these motions (Doc. 14).

Defendants entered into an agreement on May 4 to submit their underlying dispute to binding arbitration. As part of the agreement, Hollandsworth agreed not to accept representation at the arbitration from any attorney or firm selected by GEICO, or to "file any post-arbitration motions challenging the award, any post-trial motions after the court enters judgment, or any notice of appeal." Arbitration Agmt. ¶¶ 20-21 (Doc. 21-3). The agreement reiterated that Aguilar would seek to recover only from the GEICO policy proceeds and any potential claim against GEICO.

The arbitrator heard evidence on June 4, and, on July 16, issued his decision awarding Aguilar approximately $8 million in economic damages, $20 million in non-economic damages, and $7 million in punitive damages against Hollandsworth.[1] On August 3, Defendants filed a joint motion to dismiss this suit based on an insufficient amount in controversy, which the Court also denied (Doc. 73).

On August 8, Aguilar filed an application in state court to confirm the arbitration award. GEICO moved unsuccessfully to intervene in this proceeding, and, on October 24, the state court entered judgment confirming the $35 million award. GEICO appealed this decision, while Aguilar filed a separate state garnishment action against GEICO, alleging that GEICO acted in bad faith

---

[1] The arbitration does not appear to have been particularly adversarial. For example, the arbitrator observed that Aguilar's life-care costs and future medical expenses did not reflect lesser amounts which Medicare, Medicaid, or a private insurance carrier would negotiate. "However, no evidence was presented to prove lesser amounts. Thus, the life care plan which was introduced at the hearing is the only evidence pertaining to the costs and expenses of his future needs and medical care." Arbitration Award at 11 (Doc. 21-1).

3

and breached its duty to defend. In that suit Aguilar seeks garnishment of the policy proceeds, as well as compensatory and punitive damages. Aguilar also states that GEICO's actions render it liable for the entire underlying judgment. Now, in their third motion to dismiss and separate motion to stay, Defendants argue that this Court should abstain from hearing the case due to the garnishment proceeding.

## Legal Standard

Federal courts ordinarily have a "virtually unflagging obligation" to exercise their jurisdiction. *Colo. River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976). But the Declaratory Judgment Act, 28 U.S.C. § 2201, grants district courts "unique and substantial discretion in deciding whether to declare the rights of litigants" or to abstain in deference to a parallel state suit. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). This decision is "controlled by the court's personal judgment," *Aetna Cas. & Sur. Co. v. Jefferson Trust & Sav. Bank of Peoria*, 993 F.2d 1364, 1366 (8th Cir. 1993) (internal quotations and citation omitted), and guided by "considerations of judicial economy, considerations of practicality and wise judicial administration, and with attention to avoiding gratuitous interference with state proceedings." *Lexington Ins. Co. v. Integrity Land Title Co.*, 721 F.3d 958, 967 (8th Cir. 2013) (internal quotations and citations omitted).

The Eighth Circuit has instructed that the "key consideration for the district court is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" *Evanston Ins. Co. v. Jones*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000)). A district court must dismiss a declaratory action that a state court can better resolve, because "it would be uneconomical as well

as vexatious" to proceed under such circumstances. *Haverfield*, 218 F.3d at 874-75 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)).

**Discussion**

Defendants move to dismiss or stay this action due to the recently filed equitable garnishment proceeding. As a threshold matter, the Court must determine whether the state proceeding is, in fact, parallel to this case. GEICO advances two arguments for why it is not. GEICO first points out that the state suit was not pending at the time GEICO filed this action. GEICO also argues that the state suit will be stayed or dismissed because the underlying judgment is void and unenforceable.[2] These factors are unrelated to suits' parallelism, however.[3] "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (internal quotations and citation omitted). Here, both suits involve the same three parties—GEICO, Hollandsworth, and Aguilar—and substantially the same issues. GEICO and Aguilar each seek a judicial determination of whether the GEICO policy covers Hollandsworth with respect to the 2013 collision. Hence, the suits are parallel.

The Court next turns to whether the state tribunal can better settle the issues. On the one hand, Missouri insurance law governs this case and there are no federal claims or defenses. There

---

[2] GEICO calls attention to Mo. Rev. Stat. § 537.065.2, which provides that an insurer can intervene "as a matter of right" in the underlying action before judgment may be entered. *Desai v. Seneca Specialty Ins. Co.*, No. WD81220, 2018 WL 3232697, at *6 (Mo. Ct. App. July 3, 2018) ("Section 537.065.2 thus creates a new legal right in favor of an insurer to intervene . . . ."). The state court denied GEICO's attempt to intervene, and GEICO argues that the garnishment action will be stayed or dismissed pending GEICO's appeal.

[3] In *Scottsdale Ins. Co. v. Detco Indus.*, the Eighth Circuit stated that a "threshold issue [is] whether parallel proceedings were pending in state court *at the time* [the insurer] brought its declaratory judgment action." 426 F.3d 994, 996 (emphasis added). But in *Royal Indem. Co. v. Apex Oil Co.*, a later case, the Eighth Circuit affirmed a district court's decision to defer to an ensuing—but parallel—state suit. 511 F.3d 788, 797 (8th Cir. 2008). District courts have not hewed to *Scottsdale*'s dicta in light of this opinion. *See, e.g.*, *Federated Mut. Ins. Co. v. Shernaman Enters., Inc.*, No. 4:14-cv-265-CAS, 2014 WL 6775832, at *4-5 (E.D. Mo. Dec. 2, 2014). And, in any event, the Court would not abstain from hearing the case under the less-deferential test applied to non-parallel proceedings. *See Scottsdale*, 426 F.3d at 998 (setting forth this framework).

also exists a slight risk of inconsistent judgments. Yet, the interests of judicial economy and administration outweigh these factors. GEICO brought this declaratory suit in March 2018. Aguilar filed his garnishment action approximately nine months later. Although timing is not dispositive, the parties here have conferred under Rule 16, taken several depositions, and fully briefed opposing motions for summary judgment. *See John Deere Ins. Co. v. Shamrock Indus., Inc.*, 929 F.2d 413, 417 (8th Cir. 1991) (noting that declaratory actions about insurance coverage are "particularly amenable to summary judgment"); *see also Pharmacists Mut. Ins. Co. v. Courtney*, No. 4:02-cv-0242-ODS, 2003 WL 950081, at *3 (W.D. Mo. Feb. 4, 2003) (refusing to abstain in part because the federal case was filed first and was further along, and also because the state court's decision in a parallel garnishment action was not imminent). Moreover, the issue before the Court is a narrow one. Its resolution involves neither complex nor unsettled questions of state law. *Cf. Haverfield*, 218 F.3d at 875 (observing that "the federal court's application of Missouri law is complicated by a split in Missouri courts"). Thus, the most efficient outcome is for this Court to retain jurisdiction.

Defendants also urge the Court to dismiss GEICO's suit because, they argue, it impermissibly invokes the Declaratory Judgment Act to assert an affirmative defense to a pending state proceeding. In support, Defendants cite *Int'l Ass'n of Entrepeneurs of Am. v. Angoff*, which cautioned that "the Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action." 58 F.3d 1266, 1270 (8th Cir. 1995). The *Angoff* court warned against litigants using the Act "either for tactical advantage . . . or to open a new portal of entry to federal court for suits that are essentially defensive or reactive to state actions." *Id.* No such concern exists here. As discussed, GEICO filed its action nearly nine months before Defendants did theirs, and nothing about GEICO's behavior puts the Court on

6

guard that it is abusing the declaratory process.[4]  *Cf. id.* (observing that the plaintiff filed its federal declaratory suit only after the court denied its petition to remove the existing state action).

Defendants lastly contend that GEICO is in essence seeking an advisory opinion that it did not act negligently as a tortfeasor when it refused to indemnify or defend Hollandsworth. This argument lacks merit. The Court previously held that a legitimate controversy existed between the parties, and GEICO is not seeking a declaration of non-liability for tort. Rather, the company asks exclusively for the Court to determine whether its policy covers Hollandsworth. A declaratory suit is the appropriate vehicle for such relief. *See Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) ("[When an insurer denies coverage], it is most common for the insurer to bring an action for a declaratory judgment that it will have no duty to indemnify.").

**Conclusion**

The Court is better positioned to settle the issues and, accordingly, declines to exercise its discretion to abstain. Defendants' joint motions to dismiss (Doc. 46) and stay (Doc. 64) are DENIED.

**IT IS SO ORDERED.**

Date: January 28, 2019                                    /s/ Greg Kays
                                                          GREG KAYS, JUDGE
                                                          UNITED STATES DISTRICT COURT

---

[4] To the contrary, if anyone, it is Defendants who may be engaged in procedural maneuvering. In a letter rejecting a settlement offer from Rep West Insurance Company, the insurer for U-Haul, Aguilar's counsel wrote that Missouri courts "have demonstrated an increasingly pro-insured/anti-insurer posture," that Missouri is "one of the most perilous jurisdictions for liability insurers in the country," and that "Jackson County not only produces the largest bad faith verdicts in the state, but also some of the largest in the country . . . ." Ltr. from Kenneth Barnes to Christina Kelly (Nov. 13, 2018) (Doc. 56-14).

Defendants object to GEICO's providing this letter, presumably under Federal Rule of Evidence 408. But GEICO does not offer it to prove or disprove the validity of a claim or to impeach, and "[t]he court may admit this evidence for another purpose." Fed. R. Evid. 408(b). GEICO offers the letter as evidence that Defendants are forum shopping.